**Miriam Jannet GONZALEZ–PINEDA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71124.

Agency No. A77–849–351.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 22, 2004.

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Virginia Lum, Anthony W. Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., for Respondent.

Before PREGERSON, T.G. NELSON and GRABER, Circuit Judges.

### MEMORANDUM**

Miriam Jannet Gonzalez–Pineda, a native and citizen of Guatemala, petitions

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for review of the denial by the Board of Immigration Appeals ("BIA") of her claims for asylum and withholding of removal. We lack jurisdiction to review the BIA's determination that Gonzalez–Pindea is ineligible for asylum because she failed to apply within one year of arriving in the United States. *See* 8 U.S.C. § 1158(a)(3); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001). Under 8 U.S.C. § 1252, we have jurisdiction to review the BIA's denial of withholding of removal. We review for substantial evidence, *see id.* at 816, and we dismiss the petition in part, and grant it in part.

Gonzalez–Pineda must show that the evidence would compel a reasonable factfinder to conclude that she would more likely than not be persecuted on account of a political opinion or imputed political opinion if she were removed to Guatemala. *See Hakeem*, 273 F.3d at 816. Gonzalez–Pineda need not provide direct evidence that her persecutors were motivated by political opinion, but need only introduce "some" evidence of the persecutor's motive, direct or circumstantial. *See Navas v. INS*, 217 F.3d 646, 656–57 (9th Cir. 2000).

Based on Gonzalez–Pineda's credible testimony, she has shown that it is more likely than not that she will be persecuted based on an imputed political opinion. She testified that her cousins were in the Guatemalan Army and killed innocent people in that capacity, and that many of her family members were murdered in revenge for her cousins' actions. Also, Gonzalez–Pineda testified that her family supported the Christian Democracy, which is the party of the Guatemalan government, and that family members were murdered by guerillas because of this political opinion. She testified that as a result of these political opinions, at least seven of her family members were shot, her brother was kidnaped, she suffered an attempted rape, and her family continues to receive death threats.

Most importantly, Gonzalez–Pineda testified that one cousin was killed because he was a body guard for a member of the government. She also testified that another cousin was killed because he did not want to join the guerillas. Finally, her aunt received a death threat because her cousins were members of the military, and had killed so many people.

Gonzalez–Pineda has therefore shown "some evidence," *see Navas*, 217 F.3d at 656–57, that the persecutors were motivated by a political opinion and that she would more likely than not be persecuted if returned to Guatemala. *See Rodriguez v. INS*, 841 F.2d 865, 870–71 (9th Cir.1987) (showing clear probability of persecution where guerillas killed six family members in retaliation against family's association with the government-supported rural militia); *Lopez–Galarza v. INS*, 99 F.3d 954, 959–60 (9th Cir.1996) (finding persecution "on account of" imputed political opinion where neighbor accused alien of being a counter-revolutionary contra supporter and father was officer in the National Guard); *Ramirez Rivas*, 899 F.2d at 873 (finding imputed political opinion where alien was not politically active, father was politically neutral but provided food to some people who may have been guerillas, and other family members were guerillas). The petition for review is granted and remanded to the BIA to grant the application for withholding of removal. *See id.*

**PETITION FOR REVIEW DISMISSED IN PART, GRANTED IN PART; REMANDED.**